IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLOTTE A. DAY, et al.,

        Plaintiffs,

v.                                           CIVIL ACTION NO. 2:12-cv-02264

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 48] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") and the Plaintiffs' Motion for Leave to File Declaration in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Motion") [ECF No. 60]. Because the Plaintiffs' Motion [ECF No. 60] adequately remedies an objection raised by Ethicon in its reply, it is **GRANTED**. As set forth below, Ethicon's Motion for Summary Judgment [ECF No. 48] is **GRANTED in part** and **DENIED in part**.

I.     **Background**

This action involves Tennessee co-plaintiffs, one of whom was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape ("TVT"), on May 24, 2006, at Centennial Surgery Center, Nashville, Tennessee, by Dr. Michael Spalding. Am. Short Form Compl. [ECF No. 12] ¶¶ 1–12. The case resides in one of

seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 50,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 210, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Dec. 18, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 3 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Day did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Day underwent the TVT implantation surgery in Tennessee. Thus, the choice-of-law principles of Tennessee guide the court's choice-of-law analysis.

Tennessee law employs "the most significant relationship test" to determine which state's substantive law to apply in a tort action. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Under this test, the court must evaluate the contacts of each interested state and determine which state "has the most significant contacts" with the lawsuit. *Id*. In doing so, the court balances four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered." *Id*. Here, Ms. Day is a resident of Tennessee, she was implanted with the

4

product at issue in Tennessee, and her alleged injuries and follow-up care occurred in Tennessee. Accordingly, I will apply Tennessee's substantive law to this case.

III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiffs concede the following claims: Count II (strict liability – manufacturing defect, Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XI (breach of express warranty), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), Count XV (unjust enrichment), Count XVII (punitive damages), and Count XVIII (discovery rule and tolling). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon, including timeliness under the Tennessee statutes of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the Plaintiffs' Motion

[ECF No. 60] is **GRANTED** and Ethicon's Motion for Summary Judgment [ECF No. 48] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (strict liability – manufacturing defect, Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XI (breach of express warranty), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), Count XV (unjust enrichment), Count XVII (punitive damages), and Count XVIII (discovery rule and tolling). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 21, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE